UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

Delfina Caballero,
and other similarly situated individuals,

    Plaintiff (s),

v.

Select Concrete of Central Florida LLC
and Adan Benavides, individually

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff Delfina Caballero and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Select Concrete of Central Florida LLC, and Adan Benavides, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Delfina Caballero is a resident of Lake County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Select Concrete of Central Florida LLC (from now on, Select Concrete, or Defendant) is a Florida Profit Corporation having a place of business in Leesburg, Lake County, Florida. Defendant is engaged in interstate commerce.

4. The individual Defendant Adan Benavides was and is now the owner/partner and operator of Select Concrete. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Lake County, Florida, within this Court's jurisdiction.

## Allegations Common to All Counts

6. This cause of action is brought by Plaintiff Delfina Caballero as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40)

hours during one or more weeks on or after June 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant Select Concrete is a construction company that specializes in residential and commercial new construction, remodeling work, and general construction work.

8. Defendants Select Concrete and Adan Benavides employed Plaintiff Delfina Caballero as a construction laborer from approximately June 27, 2020, through May 20, 2022, or 99 weeks.

9. Plaintiff was a non-exempted, full-time hourly employee. During the relevant employment period, Plaintiff was paid at the rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

10. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week. Plaintiff had to show up before 6:00 AM to be transported together with other workers to the Jobsite one hour away. Thus, from Mondays to Fridays, Plaintiff worked from 6:00 AM to 7:00 PM (13 hours daily). On Saturdays, Plaintiff worked from 6:00 AM to 1:00 PM. Plaintiff worked a total average of 72 hours weekly.

11. Plaintiff worked 72 hours weekly, and she was paid with checks and paystubs for 40 regular hours. In addition, Plaintiff was paid an average of 26 overtime

hours at her regular rate, in cash or personal check. The remaining 6 overtime hours were not paid to her at any rate, not even at the minimum wage rate.

12. The Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours because Plaintiff and other similarly situated were monitored by the owner of the business Adan Benavides.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly with checks and cash, with paystubs that did not provide the actual number of days and hours worked by Plaintiff.

15. On or about May 20, 2022, Plaintiff was forced to leave her employment because she suffered an accident at the worksite.

16. Plaintiff DELFINA CABALLERO seeks to recover accumulated unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

17. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

18. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

19. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff DELFINA CABALLERO re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. Plaintiff DELFINA CABALLERO, and those similarly situated, bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the

provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

22. The employer Select Concrete was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also,

Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendants Select Concrete and Adan Benavides employed Plaintiff Delfina Caballero as a construction laborer, from approximately June 27, 2020, through May 20, 2022, or 99 weeks.

25. Plaintiff was a non-exempted, full-time hourly employee. During the relevant employment period, Plaintiff was paid at the rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

26. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week, a total average of 72 hours weekly.

27. Plaintiff worked 72 hours weekly, and she was paid with checks and paystubs for 40 regular hours. In addition, Plaintiff was paid an average of 26 overtime hours at her regular rate, in cash or personal check. The remaining 6 overtime hours were not paid to her at any rate, not even at the minimum wage rate.

28. The Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours because Plaintiff and other similarly situated were monitored by the owner of the business Adan Benavides.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid bi-weekly with checks and cash, with paystubs that did not provide the actual number of days and hours worked by Plaintiff.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and she is providing this preliminary good faith estimate of the unpaid overtime based on her best recollections. Plaintiff will amend her calculations after proper discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Thirty-Four Thousand Eight Hundred Forty-Eight Dollars and 00/100 ($34,848.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 99 weeks
    Relevant number of weeks: 99 weeks
    Total hours worked: 72 hours weekly average
    Overtime hours weekly: 32 O/T hours weekly average
    Total Paid O/T hours: 26 O/T hours paid at regular rate
    Total unpaid O/T hours: 6 O/T hours paid at $0.00
    Regular rate: $16.00 x 1.5=$24.00 O/T rate
    O/T rate: $24.00 O/T rate paid-$16.00 O/T rate paid=$8.00
    Half-time rate: $8.00 an hour

1.- Overtime for 26 hours paid at a regular rate

Half-time $8.00 x 26 O/T hours=$208.00 weekly
$208.00 weekly x 99 weeks=$20,592.00

2.- Overtime for 6 hours paid at a rate of $0.00

O/T rate $24.00 x 6 O/T hours=$144.00 weekly
$144.00 weekly x 99 weeks=$14,256.00

Total #1 and #2: $34,848.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant Adan Benavides was, and is now, the owner/director and manager of Defendant Corporation Select Concrete. Individual Defendant Adan Benavides had absolute financial and operational control of Select Concrete. Individual Defendant Adan Benavides was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Select Concrete in relation

to its employees, including Plaintiff and others similarly situated, and he is jointly and severally liable for Plaintiff's damages.

38. Defendants Select Concrete and Adan Benavides willfully and intentionally refused to pay Plaintiff Delfina Caballero overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Delfina Caballero and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Delfina Caballero and other similarly situated and against the Defendants Select Concrete and Adan Benavides, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Delfina Caballero an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Delfina Caballero reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Delfina Caballero and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED:  September 20, 2022

                                             Respectfully Submitted,

                                             By: **/s/ Zandro E. Palma**
                                             ZANDRO E. PALMA, P.A.
                                             Florida Bar No.: 0024031
                                             9100 S. Dadeland Blvd.
                                             Suite 1500
                                             Miami, FL 33156
                                             Telephone:   (305) 446-1500
                                             Facsimile:    (305) 446-1502
                                             zep@thepalmalawgroup.com
                                             *Attorney for Plaintiff*